B7 (Official Form 7) (12/07)

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF KANSAS

In re: _Ethanex Energy, Inc._____ ,        Case No. _____
             Debtor                                                  (if known)

## STATEMENT OF FINANCIAL AFFAIRS

     This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

     Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

     *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

     *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None


State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

     AMOUNT                                             SOURCE

**2. Income other than from employment or operation of business**

None


State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|
| 2006 - $217,742.00 | Interest Income |
| 2007 - $301,373.00 | Interest Income |
| 2008 - $   4,961.00 | Interest Income |

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None


a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

None
☐

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| See Attachment A | | | |

3

None


c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

See Attachment B

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None


a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

---

None


b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

### 5. Repossessions, foreclosures and returns

None
☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

6. **Assignments and receiverships**


None

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|


None

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

7. **Gifts**


None

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

See Attachment C

8. **Losses**


None

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**


None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Shook, Hardy & Bacon L.L.P. 2555 Grand Boulevard Kansas City, MO 64108 | Retainer for bankruptcy related services. | $18,955.55 |

**10. Other transfers**


None

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Bank of America 820 Market Street St. Louis, MO 63101 | Auction Rate Security Account #384395 | Sold 12/19/2007 $1,500,000.00 |

**12. Safe deposit boxes**

None


List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None


List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| Bank of America Checking Employee Flexible Spending Acct | Acct #003491354320: $5,668.09 | |
| Great West Retirement Services | 401(k): Subj. to Vesting Schedule | |

**15. Prior address of debtor**

None


If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None


If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None


a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

---

None


b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

---

None


c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in

which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

See Attachment D

None ☒    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

      NAME                      ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

**19.  Books, records and financial statements**

None ☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

      NAME AND ADDRESS                      DATES SERVICES RENDERED

See Attachment E

None ☐    b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

      NAME                   ADDRESS                DATES SERVICES RENDERED

See Attachment E

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|

See Attachment E

---

None ☒    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|

---

**20. Inventories**

None ☒    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-------------------|---------------------|------------------------------------------------------------------|

---

None ☒    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|------------------------------------------------------|

---

**21. Current Partners, Officers, Directors and Shareholders**

None ☒    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|-----------------------|

---

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|------------------------------------------|

See Attachment F

---

**22 . Former partners, officers, directors and shareholders**

None ☒    a.    If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                    ADDRESS              DATE OF WITHDRAWAL

None ☐    b.    If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS            TITLE               DATE OF TERMINATION

See Attachment G

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☐    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS                                      AMOUNT OF MONEY
OF RECIPIENT,              DATE AND PURPOSE         OR DESCRIPTION
RELATIONSHIP TO DEBTOR     OF WITHDRAWAL            AND VALUE OF PROPERTY

See Attachment B

**24. Tax Consolidation Group.**

None ☒    If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION        TAXPAYER-IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None ☐    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND              TAXPAYER-IDENTIFICATION NUMBER (EIN)

401(k) Safe Harbor Plan (established in 2007)    None
See Attachment H

\* \* \* \* \* \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____    Signature _____
                                            of Debtor

Date _____    Signature_____
                                            of Joint Debtor
                                            (if any)

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date __3/27/2008_____    Signature__/s/ Albert W. Knapp, III_____

                                            President and CEO
                                            _____
                                            Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets attached

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer    Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

X _____    _____
Signature of Bankruptcy Petition Preparer                                      Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.*

| Date | Name | Memo | Amount |
|---|---|---|---|
| 01/30/2008 | Agra Industries, Inc. | Invoice #: AI 1349 | -18,459.16 |
| 03/05/2008 | Agra Industries, Inc. | Invoice #: AI1370 | -28,190.72 |
| 01/16/2008 | Agreeco | Invoice #: 252 | -15,000.00 |
| 02/14/2008 | Agreeco | Invoice #: 264 | -7,500.00 |
| 01/16/2008 | Bagell, Josephs, Levine & Co., LLC | Initial retainer per engagement letter | -15,000.00 |
| 02/06/2008 | Bagell, Josephs, Levine & Co., LLC | A/C#: 50814 | -12,927.24 |
| 03/05/2008 | Baird Holm LLP | Invoice #: 88314 | -10,034.89 |
| 01/14/2008 | Bank of America Credit Card | To record ACH debit for BOA credit card purchases on 1/14/08 | -20,177.88 |
| 02/15/2008 | Bank of America Credit Card | To record BOA credit card payment on 2/15/08 | -12,571.35 |
| 03/17/2008 | Bank of America Credit Card | To record BOA credit card payment | -13,614.88 |
| 12/31/2007 | Blue Cross Blue Shield of Kansas City | Invoice #: 0733700001734 | -15,825.33 |
| 01/23/2008 | Blue Cross Blue Shield of Kansas City | Invoice #: 08003000351 | -14,408.74 |
| 02/20/2008 | Blue Cross Blue Shield of Kansas City | Invoice #: 08035000395951 | -15,969.88 |
| 03/12/2008 | Blue Cross Blue Shield of Kansas City | Invoice #: 08064000002037 | -13,310.16 |
| 12/26/2007 | Bonee Enterprises, Inc | Invoice #: 100 | -323.45 |
| 01/02/2008 | Bonee Enterprises, Inc | 14500A Rent | -1,700.00 |
| 01/30/2008 | Bonee Enterprises, Inc | Invoice #: 101 | -203.45 |
| 02/01/2008 | Bonee Enterprises, Inc | 14500-A Rent | -1,700.00 |
| 03/05/2008 | Bonee Enterprises, Inc | 14500A Rent | -1,700.00 |
| 12/26/2007 | Bryan Sherbacow | Expense Reimbursement | -1,823.09 |
| 01/30/2008 | Bryan Sherbacow | Expense Reimbursement 12/11/07 - 1/15/08 | -393.23 |
| 02/06/2008 | Bryan Sherbacow | Expense Reimbursement | -1,762.90 |
| 03/05/2008 | Bryan Sherbacow | Expense Reimbursement | -16,297.97 |
| 03/12/2008 | Bryan Sherbacow | Expense Reimbursement | -4,627.28 |
| 03/19/2008 | Bryan Sherbacow | To record expense reimbursement to B. Sherbacow | -6,076.62 |
| 03/05/2008 | Business Wire | Invoice #: 3321333 | -4,800.00 |
| 01/02/2008 | Chadbourne & Parke | Statement #: 8170-724313 | -1,516.40 |
| 02/06/2008 | Chadbourne & Parke | Statement #: 8170-729314 | -31,987.58 |
| 01/02/2008 | CMI | Invoice #: 013 & 014 | -15,000.00 |
| 01/09/2008 | Davenport, Evans, Hurwitz & Smith, LLP | Invoice #: 56420 | -4,867.79 |
| 03/05/2008 | Davenport, Evans, Hurwitz & Smith, LLP | Invoice #: 57668 | -2,179.94 |
| 02/01/2008 | David McKittrick | Expense Reimbursement | -4,447.64 |
| 02/27/2008 | David McKittrick | Expense Reimbursement | -1,626.77 |
| 01/10/2008 | Ethanex Southern Illinois, LLC | To record transfer to SO IL on 1/10/08 to cover invoices | -20,000.00 |
| 02/06/2008 | Ethanex Southern Illinois, LLC | To record transfer to So IL on 2/6/08 to cover invoices | -10,000.00 |

Case 08-20645   Doc# 1-2   Filed 03/27/08   Page 12 of 26

| Date | Name | Memo | Amount |
|------|------|------|--------|
| 02/27/2008 | Ethanex Southern Illinois, LLC | To record transfer to Southern Illinois to cover payroll on 2/27/08 | -7,000.00 |
| 03/11/2008 | Ethanex Southern Illinois, LLC | To record transfer to SO IL on 3/11/08 | -5,000.00 |
| 03/12/2008 | Ethanex Southern Illinois, LLC | To record transfer to SO IL on 3/12/08 | -1,000.00 |
| 12/26/2007 | First Advantage Litigation Consulting | Invoice #: 6970 | -1,714.87 |
| 01/16/2008 | First Advantage Litigation Consulting | Invoice #: 6873 | -4,165.00 |
| 12/26/2007 | GMAC | Account #: 024-9105-09280 | -523.47 |
| 01/02/2008 | GMAC | Account #: 024-9080-93163 & 024-9094-87392 | -1,497.69 |
| 01/16/2008 | GMAC | Account #: 024-9101-98565 | -717.38 |
| 01/23/2008 | GMAC | Account #: 024-9109-27333 | -668.11 |
| 01/30/2008 | GMAC | Account #: 024-9105-09280 | -523.47 |
| 01/30/2008 | GMAC | Account #: 02490809316 & 0249094873 | -1,497.69 |
| 02/13/2008 | GMAC | Account #: 024-9101-98565 | -717.38 |
| 02/20/2008 | GMAC | Account #: 024-9109-27333 | -668.11 |
| 02/27/2008 | GMAC | Account #: 024-9105-09280 | -523.47 |
| 03/05/2008 | GMAC | Account #: 024-9080-93163 & 024-9094-87392 | -1,497.69 |
| 03/12/2008 | GMAC | Account #: 024-9101-98565 | -717.38 |
| 12/28/2007 | Great West Retirement Services | To record payment to GWRS on 12/28/07 for 12/15/07 payroll | -6,615.42 |
| 01/04/2008 | Great West Retirement Services | To record payment to Great West Retirement Services on 1/4/08 for | -6,490.42 |
| 01/24/2008 | Great West Retirement Services | To record payment to Great West Retirement Services on 1/24/08 fr | -5,375.54 |
| 02/05/2008 | Great West Retirement Services | To record payment to Great West Retirement Services on 2/5/08 for | -5,375.53 |
| 02/22/2008 | Great West Retirement Services | To record payment to GWRS for 2/15/08 payroll | -5,297.55 |
| 03/05/2008 | Great West Retirement Services | To record payment to GWRS for 2/29/08 payroll | -4,561.78 |
| 03/14/2008 | Great West Retirement Services | To record payment to GWRS for 3/15/08 payroll | -4,561.78 |
| 01/30/2008 | Great-West Retirement Services | Invoice #: 416543 | -525.00 |
| 12/26/2007 | Industrial Power Technology | Invoice #: 0008190 | -4,238.99 |
| 01/23/2008 | Industrial Power Technology | Invoice #: 0008246 | -5,739.13 |
| 02/20/2008 | Industrial Power Technology | Invoice #: 0008269 | -4,373.89 |
| 12/26/2007 | Kiawah Resort Associates, LLC | January Rent | -2,261.08 |
| 01/23/2008 | Kiawah Resort Associates, LLC | February Rent | -2,261.08 |
| 03/05/2008 | Kiawah Resort Associates, LLC | March Rent - 18 N Adgers Wharf | -2,261.08 |
| 01/09/2008 | Kirkland & Ellis, LLP | | -140,238.14 |
| 01/23/2008 | Kirkland & Ellis, LLP | | -193,693.55 |
| 02/13/2008 | Kirkland & Ellis, LLP | | -224,092.63 |
| 03/05/2008 | Kirkland & Ellis, LLP | | -94,684.46 |
| 01/30/2008 | KL Process Design Group, LLC | | -16,277.49 |
| 03/05/2008 | KL Process Design Group, LLC | Invoice #: 1145 | -6,227.50 |

Case 08-20645   Doc# 1-2   Filed 03/27/08   Page 13 of 26

# Ethanex Energy, Inc
## Attachment A - Statement of Financial Affairs
### Response to 3(b)

| Date | Name | Memo | Amount |
|---|---|---|---|
| 01/30/2008 | Legalpeople, LLC | Invoice #: 8310 | -1,488.00 |
| 02/06/2008 | Legalpeople, LLC | Invoice #: 8375 | -7,362.50 |
| 02/13/2008 | Legalpeople, LLC | Invoice #: 8409 | -5,874.50 |
| 03/14/2008 | Marsh USA Inc. | To record wire to Marsh | -100,000.00 |
| 02/27/2008 | McCollum & Parks, L.C. | Account #: 8957-01M Statement #: 7 | -8,149.55 |
| 01/11/2008 | Nasdaq Stock Market | To record wire to Nasdaq Stock Market on 1/11/08 | -7,500.00 |
| 01/09/2008 | NRG | Invoice #: 0011843 | -10,460.21 |
| 02/06/2008 | NRG | Invoice #: 0012057 | -12,697.79 |
| 03/05/2008 | NRG | Invoice #: 0012252 | -24,254.40 |
| 01/09/2008 | Richter Consulting, Inc. | File No. R-1107 | -7,751.00 |
| 01/14/2008 | Ruth Mueller Robak LLC | 1st Initial Payment per the Retainer Agreement | -7,500.00 |
| 02/13/2008 | Ruth Mueller Robak LLC | February payment per the Govt. Relations Agmt. | -7,500.00 |
| 12/31/2007 | Shook Hardy & Bacon LLP |  | -2,990.00 |
| 02/20/2008 | Shook Hardy & Bacon LLP |  | -28,510.45 |
| 03/13/2008 | Shook Hardy & Bacon LLP | To record wire to SHB | -72,896.31 |
| 02/01/2008 | ThinkEquity Partners LLC | Invoice #: ETHA01242008 | -4,182.12 |
| 03/05/2008 | ThinkEquity Partners LLC | Invoice #: ETHA02272008 | -11,322.60 |
| | | | -1,430,047.52 |

Case 08-20645    Doc# 1-2    Filed 03/27/08    Page 14 of 26

# Attachment B
## Statement of Financial Affairs

| 3/1/2007 - 2/29/2008 | Date | Purpose | Amount | |
|---|---|---|---|---|
| **Outside Directors** | | | | |
| Norris Jr., Johnny F. | 02/27/2008 | BOD Fees | (3,000.00) | |
| | 01/23/2008 | Expense Reimbursement | (461.83) | |
| | 11/27/2007 | Expense Reimbursement | (185.30) | |
| | 10/04/2007 | BOD Fees | (6,000.00) | |
| | 05/25/2007 | Expense Reimbursement | (681.62) | |
| | 05/18/2007 | BOD Fees | (6,500.00) | |
| | 03/27/2007 | Expense Reimbursement | (776.94) | |
| | 03/08/2007 | BOD Fees | (6,500.00) | |
| | | | | |
| Kraemer, Thomas | 02/27/2008 | BOD Fees | (2,000.00) | |
| | 10/04/2007 | BOD Fees | (7,834.00) | |
| | 09/13/2007 | Expense Reimbursement | (561.54) | |
| | 05/18/2007 | Expense Reimbursement | (860.07) | |
| | 05/18/2007 | BOD Fees | (6,500.00) | |
| | 03/08/2007 | BOD Fees | (6,500.00) | |
| | | | | |
| Dowling, Robert | 02/27/2008 | BOD Fees | (4,000.00) | |
| | 10/04/2007 | BOD Fees | (10,001.00) | |
| | 09/13/2007 | Expense Reimbursement | (1,129.74) | |
| | | | | |
| Nitze, William | 2/27/2008 | BOD Fees | (2,000.00) | |
| | 11/27/2007 | Expense Reimbursement | (1,009.18) | |
| | 10/04/2007 | BOD Fees | (9,501.00) | |
| | 09/19/2007 | Expense Reimbursement | (1,193.42) | |
| **Officers** | | | | |
| Knapp, Albert | 3/15/2007 | Payroll | 5,486.54 | net |
| | 3/31/2007 | Payroll | 5,486.53 | net |
| | 4/6/2007 | Bonus | 33,315.66 | net |
| | 4/15/2007 | Payroll | 5,990.29 | net |
| | 4/30/2007 | Payroll | 5,990.29 | net |
| | 5/15/2007 | Payroll | 5,375.75 | net |
| | 5/31/2007 | Payroll | 5,375.75 | net |
| | 6/15/2007 | Payroll | 5,375.76 | net |
| | 6/30/2007 | Payroll | 5,375.76 | net |
| | 7/15/2007 | Payroll | 5,375.76 | net |
| | 7/31/2007 | Payroll | 5,375.75 | net |
| | 8/15/2007 | Payroll | 5,375.76 | net |
| | 8/31/2007 | Payroll | 5,375.76 | net |
| | 9/15/2007 | Payroll | 5,375.76 | net |
| | 9/30/2007 | Payroll | 5,375.75 | net |
| | 10/15/2007 | Payroll | 5,375.76 | net |
| | 10/31/2007 | Payroll | 5,375.76 | net |
| | 11/15/2007 | Payroll | 5,375.76 | net |
| | 11/30/2007 | Payroll | 5,375.75 | net |
| | 12/15/2007 | Payroll | 4,686.76 | net |
| | 12/31/2007 | Payroll | 4,686.77 | net |
| | 1/15/2008 | Payroll | 4,294.75 | net |
| | 1/31/2008 | Payroll | 4,294.74 | net |
| | 2/15/2008 | Payroll | 4,294.75 | net |
| | 2/29/2008 | Payroll | 4,294.75 | net |
| | 3/15/2008 | Payroll | 4,294.75 | net |
| | 3/21/2008 | Payroll | 3,324.83 | net |
| | 02/07/2008 | Expense Reimbursement | 1,123.47 | |
| | 12/20/2007 | Expense Reimbursement | 24.14 | |
| | 11/07/2007 | Expense Reimbursement | 208.08 | |
| | 10/17/2007 | Expense Reimbursement | 103.97 | |
| | 07/02/2007 | Expense Reimbursement | 47.77 | |
| | 05/09/2007 | Expense Reimbursement | 242.57 | |
| | 04/17/2007 | Expense Reimbursement | 364.47 | |
| | 03/30/2007 | Expense Reimbursement | 324.23 | |
| | 03/16/2007 | Expense Reimbursement | 436.89 | |

# Attachment B
## Statement of Financial Affairs

| 3/1/2007 - 2/29/2008 | Date | Purpose | Amount | |
|---|---|---|---|---|
| | | | | |
| Sherbacow, Bryan | 3/15/2007 | Payroll | 5,097.02 | net |
| | 3/31/2007 | Payroll | 5,097.02 | net |
| | 4/6/2007 | Bonus | 30,120.45 | net |
| | 4/15/2007 | Payroll | 5,562.02 | net |
| | 4/30/2007 | Payroll | 5,562.02 | net |
| | 5/15/2007 | Payroll | 5,318.27 | net |
| | 5/31/2007 | Payroll | 5,318.27 | net |
| | 6/15/2007 | Payroll | 5,318.27 | net |
| | 6/30/2007 | Payroll | 5,318.27 | net |
| | 7/15/2007 | Payroll | 5,318.27 | net |
| | 7/31/2007 | Payroll | 5,318.27 | net |
| | 8/15/2007 | Payroll | 5,318.27 | net |
| | 8/31/2007 | Payroll | 5,318.27 | net |
| | 9/15/2007 | Payroll | 5,318.27 | net |
| | 9/30/2007 | Payroll | 5,318.27 | net |
| | 10/15/2007 | Payroll | 5,318.27 | net |
| | 10/31/2007 | Payroll | 5,318.27 | net |
| | 11/15/2007 | Payroll | 5,318.27 | net |
| | 11/30/2007 | Payroll | 5,318.27 | net |
| | 12/15/2007 | Payroll | 4,159.46 | net |
| | 12/31/2007 | Payroll | 4,159.46 | net |
| | 1/15/2008 | Payroll | 3,822.37 | net |
| | 1/31/2008 | Payroll | 3,822.36 | net |
| | 2/15/2008 | Payroll | 3,822.37 | net |
| | 2/29/2008 | Payroll | 3,822.37 | net |
| | 3/15/2008 | Payroll | 3,822.37 | net |
| | 3/21/2008 | Payroll | 939.64 | net |
| | 3/12/2008 | Expense Reimbursement | 4,627.28 | |
| | 3/5/2008 | Expense Reimbursement | 16,297.97 | |
| | 02/06/2008 | Expense Reimbursement | 1,762.90 | |
| | 01/30/2008 | Expense Reimbursement | 393.23 | |
| | 12/26/2007 | Expense Reimbursement | 1,823.09 | |
| | 12/20/2007 | Expense Reimbursement | 987.03 | |
| | 11/19/2007 | Expense Reimbursement | 1,976.87 | |
| | 09/05/2007 | Expense Reimbursement | 1,785.69 | |
| | 06/04/2007 | Expense Reimbursement | 2,978.98 | |
| | 05/25/2007 | Expense Reimbursement | 62.82 | |
| | 05/09/2007 | Expense Reimbursement | 998.35 | |
| | 05/09/2007 | Expense Reimbursement | 2,006.71 | |
| | 05/09/2007 | Expense Reimbursement | 1,507.74 | |
| | 03/30/2007 | Expense Reimbursement | 1,384.46 | |
| | | | | |
| McKittrick, David | 3/15/2007 | Payroll | 5,169.47 | net |
| | 3/31/2007 | Payroll | 5,169.46 | net |
| | 4/6/2007 | Bonus | 6,828.03 | net |
| | 4/15/2007 | Payroll | 5,169.47 | net |
| | 4/30/2007 | Payroll | 5,169.46 | net |
| | 5/15/2007 | Payroll | 4,907.23 | net |
| | 5/31/2007 | Payroll | 4,907.23 | net |
| | 6/15/2007 | Payroll | 4,907.22 | net |
| | 6/30/2007 | Payroll | 5,329.45 | net |
| | 7/15/2007 | Payroll | 5,390.32 | net |
| | 7/31/2007 | Payroll | 5,390.31 | net |
| | 8/15/2007 | Payroll | 5,390.31 | net |
| | 8/31/2007 | Payroll | 5,390.31 | net |
| | 9/15/2007 | Payroll | 5,390.31 | net |
| | 9/30/2007 | Payroll | 5,390.31 | net |
| | 10/15/2007 | Payroll | 5,390.31 | net |
| | 10/31/2007 | Payroll | 5,390.32 | net |
| | 11/15/2007 | Payroll | 5,390.31 | net |
| | 11/30/2007 | Payroll | 5,390.31 | net |
| | 12/15/2007 | Payroll | 4,167.33 | net |
| | 12/31/2007 | Payroll | 4,167.32 | net |

| 3/1/2007 - 2/29/2008 | | | | |
|---|---|---|---|---|
| | **Date** | **Purpose** | **Amount** | |
| | 1/15/2008 | Payroll | 3,812.27 | net |
| | 1/31/2008 | Payroll | 3,812.28 | net |
| | 2/15/2008 | Payroll | 3,812.27 | net |
| | 2/29/2008 | Payroll | 3,812.27 | net |
| | 3/15/2008 | Payroll | 3,812.27 | net |
| | 3/21/2008 | Payroll | 3,138.29 | net |
| | 2/27/2008 | Expense Reimbursement | 1,626.77 | |
| | 02/01/2008 | Expense Reimbursement | 4,447.64 | |
| | 12/20/2007 | Expense Reimbursement | 9,403.22 | |
| | 09/28/2007 | Expense Reimbursement | 12,249.79 | |
| | 07/06/2007 | Expense Reimbursement | 12,341.66 | |
| | 04/05/2007 | Expense Reimbursement | 9,116.23 | |
| | | | | |
| Rahm, Randall | 3/15/2007 | Payroll | 5,052.29 | net |
| | 3/31/2007 | Payroll | 5,052.29 | net |
| | 4/6/2007 | Bonus | 30,359.81 | net |
| | 4/15/2007 | Payroll | 5,509.54 | net |
| | 4/30/2007 | Payroll | 5,509.54 | net |
| | 5/15/2007 | Payroll | 5,263.74 | net |
| | 5/31/2007 | Payroll | 5,263.73 | net |
| | 6/15/2007 | Payroll | 5,263.73 | net |
| | 6/30/2007 | Payroll | 5,263.73 | net |
| | 7/15/2007 | Payroll | 5,263.74 | net |
| | 7/31/2007 | Payroll | 5,263.73 | net |
| | 8/15/2007 | Payroll | 5,263.73 | net |
| | 8/31/2007 | Payroll | 5,263.73 | net |
| | 9/15/2007 | Payroll | 5,263.74 | net |
| | 9/30/2007 | Payroll | 5,263.73 | net |
| | 10/15/2007 | Payroll | 5,263.73 | net |
| | 10/31/2007 | Payroll | 5,263.73 | net |
| | 11/15/2007 | Payroll | 5,263.74 | net |
| | 11/30/2007 | Payroll | 5,263.73 | net |
| | 12/15/2007 | Payroll | 5,263.73 | net |
| | 12/31/2007 | Payroll | 5,263.73 | net |
| | 1/15/2008 | Payroll | 3,741.04 | net |
| | 1/31/2008 | Payroll | 3,741.04 | net |
| | 2/15/2008 | Payroll | 3,741.04 | net |
| | 2/29/2008 | Payroll | 3,741.04 | net |
| | 3/15/2008 | Payroll | 3,741.04 | net |
| | 3/21/2008 | Payroll | 919.24 | net |
| | 10/03/2007 | Expense Reimbursement | 29.00 | |
| | 03/07/2007 | Expense Reimbursement | 97.00 | |
| | | | | |
| Belcher, Alan | 3/15/2007 | Payroll | 4,141.41 | net |
| | 3/31/2007 | Payroll | 4,141.41 | net |
| | 4/6/2007 | Bonus | 7,858.02 | net |
| | 4/15/2007 | Payroll | 4,141.41 | net |
| | 4/30/2007 | Payroll | 4,141.42 | net |
| | 5/15/2007 | Payroll | 3,301.55 | net |
| | 5/31/2007 | Payroll | 3,301.55 | net |
| | 6/15/2007 | Payroll | 3,301.55 | net |
| | 6/30/2007 | Payroll | 3,301.56 | net |
| | 7/15/2007 | Payroll | 3,456.28 | net |
| | 7/31/2007 | Payroll | 3,713.34 | net |
| | 8/15/2007 | Payroll | 3,713.33 | net |
| | 8/31/2007 | Payroll | 3,713.34 | net |
| | 9/4/2007 | Bonus | 31,775.00 | net |
| | 9/15/2007 | Payroll | 4,142.52 | net |
| | 9/30/2007 | Payroll | 4,262.49 | net |
| | 10/15/2007 | Payroll | 4,262.50 | net |
| | 10/31/2007 | Payroll | 4,262.49 | net |
| | 11/15/2007 | Payroll | 4,262.49 | net |
| | 11/30/2007 | Payroll | 4,289.66 | net |
| | 12/27/2007 | Vacation Payout | 4,057.94 | net |

| 3/1/2007 - 2/29/2008 | Date | Purpose | Amount | |
|---|---|---|---|---|
| | 12/05/2007 | Expense Reimbursement | 131.70 | |
| | 10/17/2007 | Expense Reimbursement | 317.65 | |
| | 07/11/2007 | Expense Reimbursement | 649.41 | |
| | 07/03/2007 | Expense Reimbursement | 260.94 | |
| | 04/12/2007 | Expense Reimbursement | 373.44 | |
| | | | | |
| Walther, Robert | 3/15/2007 | Payroll | 4,918.30 | net |
| (Excludes expense | 4/6/2007 | Bonus | 28,462.41 | net |
| reimbursements and | 4/15/2007 | Payroll | 5,428.30 | net |
| office expense billed by | 4/30/2007 | Payroll | 5,428.30 | net |
| IPT) | 5/15/2007 | Payroll | 4,624.95 | net |
| | 5/31/2007 | Payroll | 4,624.95 | net |
| | 6/15/2007 | Payroll | 4,624.95 | net |
| | 6/30/2007 | Payroll | 4,624.95 | net |
| | 7/15/2007 | Payroll | 4,624.95 | net |
| | 7/31/2007 | Payroll | 4,624.95 | net |
| | 8/15/2007 | Payroll | 4,624.95 | net |
| | 8/31/2007 | Payroll | 4,624.95 | net |
| | 9/15/2007 | Payroll | 4,624.95 | net |
| | 9/30/2007 | Payroll | 4,624.95 | net |
| | 10/15/2007 | Payroll | 4,624.95 | net |
| | 10/31/2007 | Payroll | 4,624.95 | net |
| | 11/15/2007 | Payroll | 4,624.95 | net |
| | 11/30/2007 | Payroll | 4,546.58 | net |
| | 12/15/2007 | Payroll | 3,431.08 | net |
| | 12/31/2007 | Payroll | 3,513.20 | net |
| | 1/15/2008 | Payroll | 3,333.02 | net |
| | 1/31/2008 | Payroll | 3,333.01 | net |
| | 2/15/2008 | Payroll | 3,333.02 | net |
| | 2/29/2008 | Payroll | 3,333.02 | net |
| | 3/15/2008 | Payroll | 3,333.02 | net |
| | 3/21/2008 | Payroll | 907.97 | net |
| | | | | |
| Dickey, Wendy | 12/31/2007 | Payroll | 3,188.84 | net |
| | 1/8/2008 | Bonus | 45,203.75 | net |
| | 1/15/2008 | Payroll | 3,232.81 | net |
| | 1/31/2008 | Payroll | 3,232.80 | net |
| | 2/15/2008 | Payroll | 3,232.80 | net |
| | 2/29/2008 | Payroll | 3,232.80 | net |
| | 3/15/2008 | Payroll | 3,426.82 | net |
| | 3/21/2008 | Payroll | 919.69 | net |
| | 3/5/2008 | Expense Reimbursement | 25.00 | |
| | | | | |
| Note: | | | | |
| Expense reimbursement amounts above do not include items charged on Company credit cards. | | | | |

Ethanex Energy, Inc.
**Bonuses**

**Bonuses:**

| Date | Employee | Reason | Amount | |
|------|----------|--------|--------|---|
| 4/6/2007 | Belcher, Alan | Annual Bonus | $ | 13,654.00 |
| 4/6/2007 | Knapp, Albert W. | Annual Bonus | $ | 60,938.00 |
| 4/6/2007 | McKittrick, David J. | Annual Bonus | $ | 10,810.00 |
| 4/6/2007 | Rahm, Randall L. | Annual Bonus | $ | 56,250.00 |
| 4/6/2007 | Sherbacow, Bryan J. | Annual Bonus | $ | 56,250.00 |
| 4/6/2007 | Walther, Robert C. | Annual Bonus | $ | 56,250.00 |
| 9/4/2007 | Belcher, Alan | Target Bonus in Employment Agreement | $ | 50,000.00 |
| 1/8/2008 | Dickey, Wendy A. | Retention Agreement | $ | 72,500.00 |

**Loans:**

Transfers to affiliate Ethanex Southern Illinois, Inc. (list attached)

**Stock Redemptions:**

None

**Stock Options Excercised:**

None

# Ethanex Energy, Inc.
## Attachment B
## Transfers to Affiliate

**Due from Ethanex Southern Illinois Inc.**

| Type | Date | Num Nai | Memo | Amount | Balance |
|------|------|---------|------|--------|---------|
| General Journal | 06/29/2007 | 20620 | To record wire to Campbell, Black, Hedin, Camine, Ballard & Mac for So. IL lanc | 1,238,696.97 | 1,238,696.97 |
| General Journal | 06/29/2007 | 20620 | To record wire to Campbell, Black, Hedin, Camine, Ballard & Mac for So. IL lanc | 4,715.50 | 1,243,412.47 |
| General Journal | 06/29/2007 | 60621 | To record wire to Buhler for down payment on purchase order | 465,000.00 | 1,708,412.47 |
| General Journal | 06/29/2007 | 20622 | To record transfer from So. IL DDA (transferring over security) | -1,750,000.00 | -41,587.53 |
| General Journal | 07/19/2007 | 20712 | To record transfer to SO IL for amount owed back to them | 41,587.53 | 0.00 |
| General Journal | 07/31/2007 | 20719 | To record transfer to So. IL to cover the Austin AECOM wire | 200,000.00 | 200,000.00 |
| General Journal | 08/17/2007 | 20813 | To record transfer to Southern Illinois to cover invoices | 40,000.00 | 240,000.00 |
| General Journal | 08/31/2007 | 20834 | To record transfer from Ethanex DDA to So. IL DDA | 45,000.00 | 285,000.00 |
| General Journal | 09/05/2007 | 20904 | To record transfer to Southern IL DDA on 9/5/07 | 30,000.00 | 315,000.00 |
| General Journal | 09/14/2007 | 20905 | To record transfer to So IL DDA on 9/14/07 | 35,000.00 | 350,000.00 |
| General Journal | 09/28/2007 | 20932 | To record transfer to So IL to cover invoices on 9/28/07 | 200,000.00 | 550,000.00 |
| General Journal | 10/03/2007 | 21018 | To record transfer to SO IL to cover invoices on 10/3/07 | 30,000.00 | 580,000.00 |
| General Journal | 10/12/2007 | 21024 | To record transfer to So IL to cover invoices on 10/12/07 | 40,000.00 | 620,000.00 |
| General Journal | 10/29/2007 | 21032 | To record transfer to So IL to cover invoices on 10/29/07 | 50,000.00 | 670,000.00 |
| General Journal | 11/07/2007 | 21108 | To record transfer to So IL on 11/7/07 to cover invoices | 80,000.00 | 750,000.00 |
| General Journal | 11/26/2007 | 21127 | To record transfer to Southern Illinois on 11/26/07 to cover invoices | 25,000.00 | 775,000.00 |
| General Journal | 12/10/2007 | 21206 | To record transfer to SO IL on 12/10/07 to cover invoices | 30,000.00 | 805,000.00 |
| General Journal | 12/20/2007 | 21211 | To record transfer to SO IL on 12/20/07 to cover invoices | 90,000.00 | 895,000.00 |
| General Journal | 12/31/2007 | 11201 | To reclassify CIP on Ethanex to SO IL @ 12/31/07 | 896,015.21 | 1,791,015.21 |
| General Journal | 01/10/2008 | 20106 | To record transfer to SO IL on 1/10/08 to cover invoices | 20,000.00 | 1,811,015.21 |
| General Journal | 02/08/2008 | 20203 | To record transfer to So IL on 2/6/08 to cover invoices | 10,000.00 | 1,821,015.21 |
| General Journal | 02/08/2008 | 20204 | To record incoming wire from Buhler on 2/8/08 | -465,000.00 | 1,356,015.21 |
| General Journal | 02/27/2008 | 20213 | To record transfer to Southern Illinois to cover payroll on 2/27/08 | 7,000.00 | 1,363,015.21 |
| General Journal | 03/11/2008 | 20303 | To record transfer to SO IL on 3/11/08 | 5,000.00 | 1,368,015.21 |
| General Journal | 03/12/2008 | 20304 | To record transfer to SO IL on 3/12/08 | 1,000.00 | 1,369,015.21 |
| | | | | 1,369,015.21 | 1,369,015.21 |
| **TOTAL** | | | | **1,369,015.21** | **1,369,015.21** |

Case 08-20645     Doc# 1-2     Filed 03/27/08     Page 20 of 26

**Attachment C**
**Statement of Financial Affairs**
**Ethanex Energy**

**Gifts and Charitable Contributions**

| Date | Given To: | Purpose | Amount |
|------|-----------|---------|--------|
| 04/25/2007 | Basehor Chamber of Commerce | Golf tournament sponsorship for local chamber of commerce | 200.00 |
| 05/31/2007 | Industrial Power Technology | Donation to Santa Rosa Golf & Country Club - League Sponsor | 350.00 |
| 07/27/2007 | Gary Forby Campaign Fund | Campaign Donation | 1,000.00 |
| 07/31/2007 | Basehor Car Show | Donation for local project graduation project | 250.00 |
| 11/21/2007 | Charleston Concert Association | Concert sponsorship | 5,000.00 |
| 07/30/2007 | University of Georgia | Gift in lieu of payment for research on feed trials | 19,792.00 |
| 11/20/2007 | University of Illinois | Gift in lieu of payment for research on feed trials | 7,955.00 |
| 02/04/2008 | Mark Grube | Going away gift | 120.13 |
| | | | 34,667.13 |

Case 08-20645    Doc# 1-2    Filed 03/27/08    Page 21 of 26

# Attachment D
## Ethanex Energy, Inc.
### Statement of Financial Affairs

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Ethanex Southern Illinois, LLC | 20-5591725 | Basehor, KS | | |
| Ethanex Energy North America, Inc. | 20-5213333 | Basehor, KS | | |
| Ethanex Northeast Kansas, LLC | Applied for | Basehor, KS | | |

## Attachment E

Bagell, Josephs, Levine & Company, LLC
406 Lippincott Drive  Suite J
Marlton, NJ 08053

Stark Winter Schenkein & Co., LLP
3600 S. Yosemite Street, Suite 600
Denver, CO 80237

Rosenberg, Rich, Baker Berman & Co.
380 Foothill Road
Bridgewater, NJ  08807

# Attachment F
## (Response to 21(b))
## Statement of Financial Affairs
## Ethanex Energy, Inc.

**List of Current Officers, Directors, Shareholders (5% or more)**

| | |
|---|---|
| Robert C. Walther | Officer & Director |
| Albert W. Knapp | Officer & Director |
| Randall L. Rahm | Officer & Director |
| Bryan J. Sherbacow | Officer & Director |
| David J. McKittrick | Officer |
| Wendy A. Dickey | Officer |
| Johnny Norris | Director |
| Thomas Kraemer | Director |
| Robert Dowling | Director |
| William Nitze | Director |
| Wellington Management Company, LLP* | Shareholder > 5% |

\* Wellington Management holds various legal entities and mutual funds under common management

**Names of Any Persons Who Directly and Indirectly Own 5% of Voting Stock**

| Holder | Title | Common Stock % Owned |
|---|---|---|
| Robert C. Walther | Chairman | 9.28% |
| Albert W. Knapp | President & CEO | 9.28% |
| Randall L. Rahm | Co-COO | 9.28% |
| Bryan J. Sherbacow | Co-COO | 9.28% |
| Wellington Management Company, LLP* | Shareholder | 15.46% |

\* Wellington Management holds various legal entities and mutual funds under common management

**Ethanex Energy, Inc.**
**List of Former Officers, Directors, Shareholders (5% or more)**

Alan Belcher    Executive Vice President of Technology    Officer    Termination Date 11/30/2007

**Pension Fund**

### 401(k) Safe Harbor Plan (no separate tax id number)

During 2007, Ethanex Energy, Inc. established a profit sharing and trust in accordance with Section 401(k) of the Internal Revenue Code. The company makes matching contributions of 100% of associate contributions up to 3% of an associate's compensation in any year and 50% of associate contributions over 3% and up to 5%. The company makes contributions in cash and vests progressively over a five year period.