IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In Re:                                     )
                                           )
ETHANEX ENERGY, INC.,                      )      Case No. 08-20645-7  RDB
                                           )
                  Debtor.                  )

**TRUSTEE'S MOTION TO CONVERT CHAPTER 7 CASE
TO A CASE UNDER CHAPTER 11, AND FOR
APPOINTMENT OF A CHAPTER 11 TRUSTEE**

Comes now Eric C. Rajala, Chapter 7 Trustee, and pursuant to 11 U.S.C. § 706(b), moves the Court for an order converting the above-captioned case from a case under Chapter 7 to a case under Chapter 11, and for an order appointing a Chapter 11 trustee pursuant to 11 U.S.C. § 1104(a). In support of his Motion, the Trustee states the following:

**Parties; Jurisdiction and Venue**

1.  The above-captioned case was filed under Chapter 7 of the Bankruptcy Code by Ethanex Energy, Inc. (the "Debtor") on March 27, 2008 (the "Petition Date"). Eric C. Rajala is the duly appointed Chapter 7 trustee assigned to the case (the "Chapter 7 Trustee").

2.  The Bankruptcy Court has jurisdiction over the subject matter of this motion under 28 U.S.C. §§ 1334 and 157(b), and venue is proper under 28 U.S.C. § 1408. This motion is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O), and is made pursuant to 11 U.S.C. §§ 105(a), 706(b), and 1104(a), and Bankruptcy Rules 1017(f)(1), 2002, 2007.1, and 9014.

**Statement of the Facts**

3.  As required under 11 U.S.C. § 704(a), the Chapter 7 Trustee has investigated the financial affairs of the Debtor, has liquidated all of the Debtor's assets that had sufficient value to justify their administration, and under 11 U.S.C. § 554(a), has abandoned all of the Debtor's

assets which were burdensome to the bankruptcy estate, or which had inconsequential value and benefit to the estate.

4. The Chapter 7 Trustee has also examined the proofs of claim filed in the case, has objected to the allowance of certain claims, and with the approval of the Bankruptcy Court, has paid all of the allowed prepetition unsecured claims in full, with interest, along with a number of allowed administrative expense claims.[1]

5. After paying all of the allowed prepetition unsecured claims in full, as well as a number of administrative expense claims, the Chapter 7 Trustee is holding in his trustee fiduciary account the sum of $6,140,174.68.

6. Pursuant to 11 U.S.C. § 726(a)(6), after paying all of the allowed prepetition unsecured claims in full, the Chapter 7 Trustee is required to distribute the remaining property of the estate to "the debtor".

7. Because the Debtor is a corporate entity, its equity—the net value of its property after payment of all corporate debts—is owned by its shareholders. Therefore, any distribution of property to the Debtor under 11 U.S.C. § 726(a)(6) would actually be made for the benefit of the Debtor's shareholders.

8. In this case, the Debtor is a Nevada corporation whose authority to conduct business in the state of Nevada was terminated shortly after the Petition Date, for its failure to file annual reports and failure to pay certain fees and taxes required under the Nevada law in

---

[1] The remaining unpaid administrative expenses incurred during the Chapter 7 case will be the subject of a supplemental application for approval and payment.

order to maintain the Debtor's status as a corporation. The Debtor has not held any meetings of its shareholders or its board of directors in over five years, has not maintained any books or records, and does not currently have any officers or directors who are authorized to act on behalf of the Debtor or its shareholders.

9. For all intents and purposes, the Debtor is defunct, has no legal authority to act on behalf of its shareholders, and as a practical matter, is incapable of administering any property on behalf of its shareholders.

10. Prior to the Petition Date, the Debtor's shares were publicly traded. Based upon his investigation, the Chapter 7 Trustee believes that the Debtor's shares are currently held among more than 900 shareholders.

**Conversion to Chapter 11 and Appointment of Chapter 11 Trustee**

11. Under the circumstances, the Chapter 7 Trustee believes and therefore contends that distributing property of the estate to the Debtor in the form of an amount of cash in excess of $6 million would not benefit the Debtor's shareholders.

12. To the contrary, distributing the funds to the Debtor—an entity which has neither *de jure* nor *de facto* status as a viable corporation—would only create additional problems for the shareholders. Most importantly, there is no viable corporate entity, and therefore no way to reconstitute a board of directors which would be authorized to take control of the funds on behalf of the Debtor, and distribute the funds to the shareholders.[2]

---

[2] The shareholders would probably be required to file an action in Nevada to seek the appointment of a receiver, which would delay the distribution process and create yet another layer of expense.

13. The Chapter 7 Trustee has investigated the possibility of making a distribution directly to the shareholders under Chapter 7; however, it appears that the Bankruptcy Code and Rules are designed to make distributions to shareholders possible only under Chapter 11, rather than under Chapter 7.

14. First, Bankruptcy Rule 3002(a) unequivocally requires equity owners (shareholders) to file proofs of interest in order to be eligible for dividends from the bankruptcy estate. This means that, before the Chapter 7 Trustee could make a distribution to eligible shareholders, they would be required to file proofs of interest. Soliciting and verifying the authenticity and accuracy of 900-plus proofs of interest would delay the process, would be time-consuming, and would add to the expense of administering the case.

15. But even if the Chapter 7 Trustee solicited and received proofs of interest from the shareholders, it is doubtful that he would be able to distribute dividends on that basis. As COLLIER ON BANKRUPTCY explains, ". . . section 726 of the Bankruptcy Code [which governs distributions under Chapter 7] makes no provision for distribution to holders of filed proofs of interest; in fact, the section provides for distribution to the debtor after payment of all claims with interest." 9 COLLIER ON BANKRUPTCY at ¶ 3002.01[1], n. 3.

16. The only exception to the proof of interest requirement is under Rule 3003(c)(2)—applicable in Chapter 11 cases, but not in Chapter 7—which allows dividend payments to both claimants and equity interest holders without the filing of a proof of claim or

proof of interest, as long as their claims and interests are scheduled, and are not listed in the bankruptcy schedules as disputed, contingent, or unliquidated.

17. Working with the Debtor's records and other sources of information, the Chapter 7 Trustee has developed a list of the current shareholders of record, along with their addresses and the number of shares held by each shareholder. From this list, a schedule of current equity interest holders could be produced and filed with the Bankruptcy Court, which would be the basis of a distribution pursuant to Bankruptcy Rule 3002(c)(2) under a Chapter 11 liquidating plan of reorganization. Under this procedure, it would not be necessary for shareholders to file proofs of interest in order to receive the dividends to which they are entitled.[3]

18. If the case is converted to Chapter 11, the Court will need to authorize the appointment of a Chapter 11 trustee under 11 U.S.C. § 1104(a), since there is no board of directors or officers of the Debtor who can take possession of the funds.

**Relief Requested**

19. For the above reasons, the Chapter 7 Trustee requests that the Bankruptcy Court enter an order converting the Debtor's Chapter 7 case to a case under Chapter 11 pursuant to 11 U.S.C. § 706(b), and an order directing the United States Trustee to appoint a Chapter 11 trustee pursuant to 11 U.S.C. §§ 1104(a)(1) and 1104(a)(2) for cause, and because the conversion and appointment of a Chapter 11 trustee would be in the best interests of the shareholders of the Debtor.

---

[3] Any shareholder who disagrees with the number of shares attributed to the shareholder in the schedule will be given an opportunity to file a proof of interest listing the correct number of shares.

WHEREFORE, Eric C. Rajala, Chapter 7 Trustee, prays for an order converting the above-captioned case from a case under Chapter 7 to a case under Chapter 11; for an order directing the United States Trustee to appoint a Chapter 11 trustee; and for such other and further relief as the Court may deem just and equitable.

>Respectfully submitted:
>
>*s/ Eric C. Rajala*
>Eric C. Rajala, KS #10082
>Metcalf Bank Building
>11900 College Blvd., Suite 341
>Overland Park, KS 66210-3939
>Telephone (913) 339-9806
>Facsimile (913) 339-6695
>eric@ericrajala.com
>Attorney for Chapter 7 Trustee

### CERTIFICATE OF SERVICE

The CM/ECF system will send a notice of the electronic filing of the foregoing Motion to the parties requesting electronic notice as set out on the Notice of Electronic Filing issued by the Court.

>*s/ Eric C. Rajala*
>Eric C. Rajala